UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| PHILIP M. GEANS, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:10 CV 343 |
|  | ) |  |
| SHERIFF, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Philip M. Geans, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DE # 1) seeking to challenge his 2008 conviction for battery by a bodily fluid in St. Joseph County Superior Court. *See State v. Geans*, 71D01-707-FD-00853. The court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Geans was convicted of spitting on a police officer and sentenced to two years in prison. (DE # 1 at 1.) He filed a notice of appeal, but his appeal was dismissed with prejudice on March 11, 2009. *Geans v. State*, No. 71A03-0809-CR-0047 (Ind. App. Ct. order dated Mar. 11, 2009). He did not seek further review in the Indiana Supreme Court or the U.S. Supreme Court. (DE # 1 at 1.) He also did not file a petition for post-conviction relief or any other motion for collateral review in the state courts. (*Id.* at 1-2.)

Geans signed his federal petition on August 6, 2010. (*Id.* at 5.) Although the petition is in places difficult to parse, giving the document liberal construction, Geans raises claims of ineffective assistance of counsel and sufficiency of the evidence. (*See id.* at 3-4.) One aspect of his sufficiency claim is that the police officers who testified at his

trial, including the victim, gave conflicting testimony. (*Id.* at 3.) His claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply.

As stated above, Geans did not pursue further review after the Indiana Court of Appeals dismissed his appeal in March 2009, and so his conviction became final—and the one-year statute of limitations began running—thirty days later when the time expired for filing a petition to transfer in the Indiana Supreme Court. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (conviction becomes final when time for seeking further review expires); *see also* IND. APP. R. 57(C) (petition to transfer must be filed within thirty days after a final decision by the Indiana Court of Appeals). His federal petition was due one year later in April 2010, and this petition was therefore filed several months late.

In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Geans states as follows:

> The accusing officer, alledged victim, has sense been fired/terminated for falseafying reports and testamony, which warrants a review of his arrest and testamony records, and court appointed representation is still under investegation by the Indiana Supreme Court Disciplinary Commission for misconduct & improper filing of clients appeals.

(DE # 1 at 5.) It is not clear from the above statement whether Geans is attempting to argue that the police officer's termination constitutes a recently discovered factual predicate giving rise to a new claim for purposes of 28 U.S.C. § 2244(d)(1)(D). Putting

3

aside whether the police officer's termination gives rise to some cognizable federal claim, the argument about timeliness is unavailing, since Geans makes clear elsewhere in his filings that the officer was terminated in 2008. (*See* DE # 1 at 3; DE # 1-1 at 7.) Geans provides no explanation for why he waited two years after the termination to raise this claim in a federal petition.

To the extent Geans is claiming that ineffective assistance of counsel excuses his failure to file a timely petition, this argument is also unavailing. In rare situations, the statute of limitations may be equitably tolled where "egregious" misconduct by counsel has prevented the petitioner from filing his federal petition on time. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2554 (2010). Geans's ineffective assistance claims center around alleged errors counsel committed at trial and on direct appeal. (*See* DE # 1 at 3-4.) Even if these errors occurred, they would not have impacted his ability to file a timely federal petition after his conviction became final. In short, Geans has not established grounds for excusing the untimeliness of his petition, and so the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

4

that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry; thus, the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

As is fully explained above, the petition was not timely filed. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find that there is a reason to encourage Geans to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For these reasons, the court **DISMISSES** the petition (DE # 1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: September 9, 2010

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT